```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ARKADY STARIKOVSKY,                              :
                        Plaintiff,               :
                                                 :
v.                                               :    OPINION AND ORDER
                                                 :
                                                 :    22 CV 5965 (VB)
STATE FARM FIRE AND CASUALTY                     :
COMPANY,                                         :
                                                 :
                        Defendant.               :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Arkady Starikovsky brings this action against the issuer of his homeowner's insurance policy, defendant State Farm Fire and Casualty Company ("State Farm"), alleging defendant improperly denied an insurance claim for damage to plaintiff's home following a "catastrophic flood." (Doc. #1-1 ("Compl.") ¶ 4). Plaintiff asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and a violation of New York General Business Law Section 349. Plaintiff also seeks a declaratory judgment that defendant is obligated to pay plaintiff's insurance claim.

Now pending is defendant's motion for summary judgment. (Doc. #50).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted memoranda of law, statements of material undisputed facts pursuant to Local Civil Rule 56.1, and supporting declarations and exhibits. Together, they reflect the following background.

Plaintiff and his wife own a home located at 25 Pine Glen Drive in Blauvelt, New York (the "Premises"). On January 15, 2022, the first floor, basement, and garage of the Premises

1

allegedly flooded with water, resulting in "extensive damage" and "catastrophic loss." (Compl. ¶ 24).

At the time of the flood, the Premises was covered by a State Farm "Homeowners Policy," bearing policy number 32-BN-V086-9 (the "Policy"). (Doc. #59 ("Pl. 56.1 Counterstatement") ¶ 1). The Policy names plaintiff and his wife as the insureds. According to plaintiff, the Policy "provided comprehensive insurance coverage," subject to certain specified exclusions, for any physical damage to or loss of the property within the liability limit. (Compl. ¶¶ 34–35). Thus, shortly after the flood, plaintiff notified defendant of the damage and submitted a claim under the Policy. (Pl. 56.1 Counterstatement ¶ 3). Defendant confirmed receipt of the claim on January 17, 2022, and a State Farm representative inspected the Premises several days later. (Id. ¶¶ 3, 5; Doc. #57-2 at ECF 2; Doc. #52 ¶ 3).[1]

On February 14, 2022, defendant sent plaintiff a "reservation of rights letter." (Doc. #55 ("Def. 56.1 Statement") ¶ 4). Without disclaiming coverage, the letter informed plaintiff that it was "questionable" whether (i) the flood damage was "caused by a peril insured against"; (ii) reasonable care had been used to maintain heat in the Premises; and (iii) the water supply had been shut off and appliances drained. (Doc. #52-3 at ECF 2). Also, defendant reserved its rights to deny the claim on other grounds and explained that any actions defendant might take to investigate the claim would not waive the Policy's terms and conditions.

On July 25, 2022, defendant's counsel sent a letter to plaintiff's counsel (via email and certified mail) demanding, among other things, "Sworn Statements in Proof of Loss in support of

---

[1] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

any claims for damages" arising from the flood. (Doc. #53-1 at ECF 5).[2] Included with the letter were six blank proof of loss forms. Defendant specified the letter should not be interpreted as a denial or admission of liability or as a waiver of any Policy terms, conditions, or defenses. (Id. at ECF 6). As relevant here, the letter also recited a provision in the Policy which required plaintiff to submit a "sworn proof of loss" within sixty days after an applicable loss or damage to the Premises. (Id. at ECF 3).

Plaintiff signed completed proof of loss statements on August 2, 2022, but plaintiff's counsel did not transmit them to defendant until October 19, 2022. (Doc. #53-3; Pl. 56.1 Counterstatement ¶ 16). On December 6, 2022, defendant formally disclaimed coverage for the flood damage because, among other things, plaintiff had "failed to comply with the proof of loss condition" in the Policy. (Doc. #52-4 at ECF 6, 7).

## DISCUSSION

I.   Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2]   Defendant's Local Rule 56.1 Statement asserts that the demand letter was sent on January 25, 2022. (Def. 56.1 Statement ¶ 7). However, in its memorandum of law and all other supporting papers, defendant refers to the letter as dated July 25, 2022. (See, e.g., Doc. #54 at 2; Doc. #53 ¶ 3). A copy of the letter, submitted with defendant's motion, indicates it was sent on July 25, 2022. (Doc. #53-1 at ECF 2). Accordingly, the Court assumes the January 25, 2022, date in defendant's Local Rule 56.1 Statement was a typographical error.

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[3]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 322–23. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown ex rel. Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). "The mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find for" the non-moving party. Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v.

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

The Court need consider only evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).  Bald assertions, unsupported by admissible evidence, are thus not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.      Untimely Proofs of Loss

Defendant argues it is entitled to summary judgment because plaintiff failed to submit proof of loss statements within sixty days after his receipt of defendant's demand.

The Court agrees.

Under New York law,[4] the failure of an insured to submit proofs of loss within sixty days after receiving an insurer's demand "is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense."  Igbara Realty Corp. v. N.Y. Prop. Ins. Underwriting Ass'n, 63 N.Y.2d 201, 209–10 (1984).  This defense is only available if the insurer gives the insured "written notice that it desires . . . a proof of loss and furnishes the insured with suitable blank proof of loss forms."  Arthur I. Fishman, Inc. v. Hanover Ins. Co., 1994 WL 376040, at *2 (S.D.N.Y. July 19, 1994).

---

[4] Ordinarily, in a diversity case, the Court must use the choice-of-law rules of the forum state to determine the substantive law to be applied.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  "However, where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry."  Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 93 (S.D.N.Y. 2002), aff'd, 352 F.3d 41 (2d Cir. 2003).  Here, the parties both briefed New York law without engaging in a choice-of-law analysis.  They have, therefore, "consented to the application of the law of the forum state."  Id.

5

Here, plaintiff did not timely furnish defendant with sworn proof of loss statements. As discussed above, the parties agree defendant sent to plaintiff's counsel, by email and certified mail, a demand for proofs of loss, with blank forms, on July 25, 2022. It is undisputed plaintiff's counsel furnished sworn proofs to defendant's counsel on October 19, 2022—eighty-six days after defendant's demand. (Pl. 56.1 Counterstatement ¶¶ 14–16). Thus, plaintiff's submission was untimely. Accordingly, absent a valid excuse on plaintiff's part or some conduct on defendant's part suggesting waiver or estoppel, this action is barred.

III.     Defendant's Compliance with the Policy and Section 3407(a)

Although he concedes he did not furnish proofs of loss within sixty days after receiving defendant's demand, plaintiff argues the motion should be denied because (i) defendant breached the Policy first, and (ii) defendant did not comply with the requirements of New York Insurance Law Section 3407(a).

The Court disagrees.

A.     Claimed Policy Breach

The Policy requires an insured to furnish State Farm with sworn proofs of loss "within 60 days after" an applicable loss. (Doc. #52-1 at 22 ¶ 2(e)). Thus, plaintiff argues his deadline to provide proofs of loss was actually March 16, 2022—sixty days from the flood on January 15, 2022. Plaintiff asserts defendant was therefore required under the Policy to "timely and promptly" send a demand for proofs, along with suitable blank forms, so plaintiff could meet the March 16, 2022, deadline. According to plaintiff, defendant breached the Policy by failing to make a demand until July 25, 2022.

Although it is not entirely clear, the Court understands plaintiff to argue he was excused from performing under the Policy because defendant breached it first.[5] This argument is unavailing.

As an initial matter, plaintiff points to no language in the Policy which affirmatively obligated defendant to demand proofs of loss promptly after receiving notice of the flood. NFA Grp. v. Lotus Rsch., Inc., 180 A.D.3d 1060, 1061 (2d Dep't 2020) ("[P]laintiff's allegations must identify the provisions of the contract that were breached."). The relevant provision in the Policy addresses the duties of the insured, not the insurer. See, e.g., Do-Re Knit, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 491 F. Supp. 1334, 1338 (E.D.N.Y. 1980) ("[U]nder the terms of the policy, the burden of submitting proofs of loss within sixty days after the loss rests in the first instance on the insured."). To the extent plaintiff believes defendant had implied duties under the Policy, he has not expressly made this argument.

In any event, Section 3407(a) modifies and supplements proof-of-loss provisions in New York insurance contracts: "[i]f the insured shall furnish proofs of loss within sixty days" after receipt of an insurer's demand, the insured "shall be deemed to have complied" with any contractual provision "relating to the time within which proofs of loss are required." N.Y. Ins. Law § 3407(a). Thus, notwithstanding the Policy's literal language, plaintiff could have

---

[5] To the extent plaintiff intended to argue defendant repudiated the Policy, he has not raised a genuine issue of material fact on this point. "The party claiming repudiation must show that the other party distinctly, unequivocally, and absolutely refused to perform its obligations under the policy by denying its intention or duty to shape its conduct in accordance with the provisions of the contract." Am. Com. Lines LLC v. Water Quality Ins. Syndicate, 679 F. App'x 11, 16 (2d Cir. 2017) (summary order). Even construing the evidence in a light most favorable to plaintiff, he has not identified any action or statement by defendant constituting a distinct, unequivocal, and absolute refusal to abide by the Policy. Cf. Weintraub v. Great N. Ins. Co., 571 F. Supp. 3d 250, 263 (S.D.N.Y. 2021) (finding "the insurer's extensive claim investigation and regular communication" with the insureds belied any notion the insurer had repudiated the subject policy).

satisfied his contractual obligation to furnish proofs of loss if he had submitted them within sixty days after his receipt of defendant's July 25, 2022, demand.  By extension, plaintiff's failure to transmit the proofs within sixty days after receipt of the demand "is an absolute defense to an action on the policy."  Igbara Realty Corp. v. N.Y. Prop. Ins. Underwriting Ass'n, 63 N.Y.2d at 211; Lentini Bros. Moving & Storage Co., Inc. v. N.Y. Prop. Ins. Underwriting Ass'n, 76 A.D.2d 759, 761 (1st Dep't 1980) ("The fact that defendant did not request written proofs of loss until after the action was commenced did not nullify plaintiff's contractual obligation to complete and submit forms upon defendant's request.").[6]

Accordingly, there is no genuine dispute of material fact as to whether defendant breached the proof-of-loss provision of the Policy.

B.     Claimed Noncompliance with Section 3407(a)

Plaintiff next argues defendant did not comply with Section 3407(a) because defendant sent the demand for proof of loss statements to plaintiff's attorney, rather than to plaintiff himself.  This fact does not alter the analysis.

Under Section 3407(a), the failure of an insured to furnish proofs of loss "shall not invalidate or diminish any claim" on a subject policy unless the insurer or insurers shall "give to such insured a written notice that it or they desire proofs of loss to be furnished by such insured to such insurer or insurers on a suitable blank form or forms."  N.Y. Ins. Law § 3407(a) (emphasis added).  Put differently, "the failure to produce proof of loss will not invalidate the claim unless the insurer gives a written notice and a blank form."  Bailey v. Nationwide Mut.

---

[6]     To the extent plaintiff contends defendant's demand was deficient because it neither stated a date by which the proofs had to be returned nor specifically demanded return within sixty days, the New York Court of Appeals has expressly rejected these arguments.  Anthony Marino Constr. Corp. v. INA Underwriters Ins. Co., 69 N.Y.2d 798, 800 (1987); Igbara Realty Corp. v. N.Y. Prop. Ins. Underwriting Ass'n, 63 N.Y.2d at 216.

Fire Ins. Co., 133 A.D.2d 915, 916 (3d Dep't 1987).

Here, defendant sent notice of its desire for proofs of loss to an attorney whom plaintiff had retained to represent him in connection with the insurance claim at issue.  (Doc. #57 ¶ 11; Docs. ##53-1, 53-3).

There is some support for plaintiff's position that service of a demand for proofs of loss on an insured's agent is not necessarily sufficient under Section 3407(a).  See, e.g., MYP Food Corp. v. Tower Ins. Co. of N.Y., 12 A.D.3d 180, 181 (1st Dep't 2004).  However, here, the insured's agent is his attorney (Doc. #57 ¶ 11; Docs. ##53-1, 53-3), and it is undisputed plaintiff did, in fact, receive notice of the demand sufficiently in advance of the sixty-day deadline to return them.  Plaintiff signed the proof of loss statements on August 2, 2022—that is, just eight days after the demand was sent. Therefore, service on plaintiff's counsel was sufficient under Section 3407(a).  Cf. Adamowicz v. N. Country Ins. Co., 70 A.D.3d 47, 48 (3d Dep't 2009) (stating a demand mailed to plaintiff's attorney "could have been effective if plaintiff had, in fact, obtained the demand from her attorney").  See also Esa v. N.Y. Prop. Ins. Underwriting Ass'n, 89 A.D.2d 865, 866 (2d Dep't 1982).

Accordingly, plaintiff has not raised a triable issue of fact as to defendant's compliance with the requirements of Section 3407(a).

IV.   Estoppel

Plaintiff further argues, in the event the Court finds defendant complied with Section 3407(a) and did not first breach the Policy, defendant should be estopped from asserting the instant defense because it acted in bad faith by waiting to demand proofs of loss until six months after plaintiff had submitted his insurance claim.

The Court disagrees.

9

Under New York law, estoppel may arise "where an insurer acts in a manner inconsistent with a lack of coverage, and the insured reasonably relies on those actions to its detriment." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Co., 302 F.3d 83, 95 (2d Cir. 2002). "Estoppel is not to be found lightly." Imperial News Co. v. P-I-E Nationwide, Inc., 905 F.2d 641, 645 (2d Cir. 1990). To invoke estoppel here, plaintiff must show a genuine factual dispute as to whether: (i) defendant, by its actions or statements, led plaintiff to believe it would cover his claim even if plaintiff did not submit proofs within sixty days after demand; (ii) plaintiff relied on defendant's statements or actions in not timely submitting proofs; and (iii) plaintiff's reliance was justifiable. Dillinger Gaines Coachworks, Ltd. v. Fireman's Fund Ins. Co., 1992 WL 230130, at *4 (S.D.N.Y. Aug. 31, 1992).

Plaintiff has not identified how defendant's statements or actions justifiably led him to believe he did not need to timely provide proofs of loss. Plaintiff disputes the findings and necessity of defendant's investigation into his claim (see Doc. #57; Doc. #58 at 9), but "steps taken by an insurer to investigate a claim do not constitute waiver or estoppel." N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc., 499 F. Supp. 2d 361, 376 (S.D.N.Y. 2007).[7] Plaintiff also argues that if defendant had been acting in good faith, plaintiff would not have been "compelled" to commence this action. (Doc. #58 at 9). But it is unclear to the Court how this assertion demonstrates defendant should be estopped from relying on plaintiff's failure to timely furnish proofs of loss.

---

[7] Both parties' papers raise disputes about defendant's additional grounds for denying coverage of the claim. (See, e.g., Docs. #52, 57 (containing dueling factual assertions about whether plaintiff resided at the Premises at the time of the flood)). Because defendant moved only on the ground of plaintiff's failure to timely furnish proofs of loss (Doc. #54 at 1 n.1), facts pertaining to defendant's additional grounds for denying plaintiff's insurance claim are not material to the resolution of the instant motion.

10

Moreover, in multiple communications with plaintiff and his counsel, defendant reserved its rights and indicated it was not waiving any Policy terms or conditions. Thus, plaintiff would not have been justified in believing defendant would excuse plaintiff's noncompliance with the Policy's proof-of-loss provision. See Converse v. State Farm Fire & Cas. Co., 681 F. Supp. 3d 4, 21 (N.D.N.Y. 2023) (when an insurer "repeatedly and expressly reserve[s] its rights in its communications" with the other party, "[s]uch reservations preclude arguments as to waiver and as to equitable estoppel."); Pioneer Ins. Co. v. Deleo, 167 A.D.2d 785, 797 (3d Dep't 1990). In sum, plaintiff has not raised a genuine issue of material fact as to estoppel.

Accordingly, because plaintiff has not otherwise raised a triable issue of fact as to his failure to timely submit proofs of loss within sixty days after his receipt of defendant's demand, defendant is entitled to judgment as a matter of law.

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #50) and close this case.

Dated: June 11, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge